## Case No. 16,833.

### In re VAN BUREN.

[19 N. B. R. 149.] [1]

District Court, S. D. New York.    April 23, 1879.

BANKRUPTCY PROCEEDINGS — ACTION AGAINST DEBTOR—STAY—CLAIMS PROVABLE.

[1. A claim to have a judgment in favor of the claimant against the bankrupt set aside on account of fraud, whereby it was rendered for a smaller sum than was really due, and to recover what is still due under the contract on which the judgment was rendered, is a debt provable under the bankrupt law.]

[2. If a final judgment is not recovered against the bankrupt before the filing of the petition in bankruptcy, the proceedings in the action will be stayed if the claim on which the action is based is provable, whether dischargeable or not.]

Alvin Burt, for bankrupts.
Wm. W. Badger, for creditors.

CHOATE, District Judge. This is a motion to stay proceedings in an action against the bankrupts after judgment and after the issue, but before the service, of an execution against the person. The judgment was re-

[1] [Reprinted by permission.]

covered since the filing of the petition in bankruptcy in an action commenced long prior thereto. On behalf of the creditors it is claimed that the service of the execution cannot be stayed in a case where the debt is not dischargeable, being one, as is alleged, created by the fraud of the bankrupts, and that in this case the debt was not dischargeable. The uniform ruling in this court has been, however, that if final judgment has not been recovered before the filing of the petition in bankruptcy, proceedings at any stage of the action, before or after judgment, will be stayed if the claim is provable, whether dischargeable or not, and that under sections 5106, 5107, and 5117 of the Revised Statutes, while a party who has been arrested before a stay is applied for will not be released if the debt is not dischargeable, yet the only test upon an application for a stay of proceedings under section 5106 is whether the debt is provable. And in practice a stay is constantly granted after judgment. See In re Rosenberg [Case No. 12,054]; In re Schwartz [Id. 12,502]. Indeed, in a very late case on this subject, which is cited and relied on by the learned counsel for the creditors (In re Alsberg [Id. 261]), the rule is thus stated by Judge Bradford, and apparently approved by Mr. Justice Story: "The result of the authorities is that when a debt is provable, all actions against the debtor pending proceedings in bankruptcy shall be stayed, including arrests, with the exception that if the bankrupt has been arrested on a debt not dischargeable he shall not be released from the arrest by the bankrupt court." To the same effect seems to be the decision of the supreme court of Louisiana in Keeting v. Arthur, 27 La. Ann. 570. The only question, therefore, is whether the debt is provable. While claims for unliquidated damages for purely personal torts have been excluded from proof, great liberality of construction has been shown in interpreting the word "debts" in the bankrupt law of 1867 (Rev. St. § 5067 [14 Stat. 517]). It has been held that a claim of the United States for the value of goods forfeited by violation of the revenue laws is provable. In re Vetterlein [Case No. 16,929]. Claims for conversion of personal property are clearly provable, and are referred to as such in section 5067. Cole v. Roach, 10 N. B. R. 288. In Re Schwartz [supra], Judge Johnston says: "Where a claim originated in a contract, although fraudulently induced, and is prosecuted in an action sounding in tort, it continues to constitute a provable debt, even though the fraud must be proved to entitle the plaintiff to a recovery." It is evident that the form of action provided by law for the recovery of the claim is not decisive, and has very little bearing on the question. Nor does the recovery of a judgment so merge the original cause of action as to preclude the bankrupt court from inquiring into its real character. In the present case the plaintiffs in the

action had a contract with the bankrupts, under which there became due to the plaintiffs a large sum of money as their share of the proceeds of certain goods. The bankrupts were under obligations to pay over this certain part of the proceeds on its receipt by them. Instead of doing so, they made false entries in their books, and, by conspiring with other parties, produced false and fictitious contracts with these other parties, and when sued for an accounting under the contract they procured the recovery against themselves of a judgment for a grossly insufficient amount by the use of these false books, fictitious contracts, and perjury upon the trial, and the fraud was not discovered until after the judgment was entered and satisfied of record. The plaintiffs then brought this action for the fraud, conspiracy, and deceit, whereby, without fault on their part, they had been deprived of a judgment for the true amount due, and they claimed damages in the amount in which the recovery on the former action fell short of the true amount due. The court of appeals has decided, and their decision is of course conclusive, that the plaintiffs could recover in that form of action. But it is equally true that it is consistent with their opinion—indeed, it is distinctly affirmed therein—that the plaintiffs had another remedy on the same facts, which was by an equitable suit to have the former judgment set aside, and then to recover the same amount upon a new and correct accounting. It may be that by recovering a judgment in their present action, the first of which is the perpetration of a fraud whereby they were precluded by the former judgment from recovering what was due to them under the contract, they have now cut themselves off from this equitable remedy; but the question is whether at the filing of the petition in bankruptcy the plaintiffs had a provable claim, and I cannot doubt that if they had then presented their claim to this court, as a claim to have the former judgment set aside for the fraud and to recover what was still due under the contract, their claim would have been adjusted under the order of this court and admitted to proof. It would have been regarded as a claim in its essential character growing out of a contract, and a "debt" provable under section 5067. Any other disposition of their claim, if there had been assets to divide, would have justly seemed very oppressive to them. The fact that there are no assets does not, of course, alter the case, though it may have made it more for the interest of the plaintiffs to pursue other remedies; nor does what has happened since the filing of the petition,— the recovery of the same damages in an action sounding in tort,—in my opinion, on the decided cases, so alter the nature of the debt that they are precluded from proving it. The plaintiffs have in fact, since the judgment, proved their debt, which shows that they themselves, or their legal advisers, regard the claim as a provable one. In this, I think, they are right. Stay continued.

[For a hearing on the question of the bankrupts' discharge, see 2 Fed. 643.]